USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/16/2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

GASPAR MAYAHUA CUAHUA, JAVIER ZOPIYACTLE CUAHUA, ANTONIO GUZMAN, LEONARDO ENRIQUE, PAULINO SABINO POLICARPIO, *individually and on behalf Of others similarly situated*,

                        Plaintiffs,

-against-

LIVING THAI CORP *doing business as* LIVING THAI CUISINE, *et al.*,

                        Defendants.
_____X

**20-CV-3713 (KHP)**

**ORDER TERMINATING PLAINTIFF ANTONIO GUZMAN'S CLAIMS**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

      Plaintiff Antonio Guzman, who is pro se, has failed to participate in this action, respond to his former counsel's outreach and comply with a court order. Accordingly, I find that his claims should be dismissed with prejudice for the reasons set forth below.

      Pursuant to Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to prosecute or to comply with a court order. *See* Fed. R. Civ. P. 41(b). Dismissal under Rule 41(b) is "an adjudication on the merits" unless otherwise specified. *Id.* A district court has the power to dismiss for failure to prosecute *sua sponte. LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). The Second Circuit has explained that "dismissal for lack of prosecution is a 'harsh remedy' that should 'be utilized only in extreme situations.' " *Lewis v. Rawson*, 564 F.3d 569, 575-76 (2d Cir. 2009) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). Nevertheless, "the authority to invoke it for failure to prosecute is vital to

1

the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Feurtado v. City of New York*, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).

In deciding whether to dismiss a case for failure to prosecute, district courts must consider five factors: (1) the duration of the plaintiff's failures, (2) whether plaintiff was on notice that these failures would result in dismissal, (3) whether defendants are likely to be prejudiced by further delays, (4) a balancing of the court's interest in managing its docket with the plaintiff's right to be heard, and (5) the efficacy of less drastic sanctions. *E.g. Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193–94 (2d Cir. 1999). None of the five factors is dispositive. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

Considering the five factors, I find that dismissal is appropriate. Plaintiff's former counsel filed an affidavit with the Court stating that Plaintiff was totally unresponsive to repeated outreach including via telephone, text message, and mail, causing them to move to withdraw from representation (which the Court granted).  In a conference, Plaintiff's former counsel also informed the Court that Plaintiff no longer resides in the United States. Plaintiff failed to provide an updated address to his former counsel or this Court and also failed to comply with this Court's order to file a letter with this Court by September 12, 2024 stating whether he intended to obtain substitute counsel or proceed pro se and failed to attend a settlement conference as required by a different Court order.  His former counsel served a copy of the Court's order to his last known address.  Plaintiff was warned in that order that a failure to comply with the Court's order could result in a dismissal of his action for failure to prosecute. This case is over four years old and further delay is prejudicial to the defendants given that

witnesses are likely to be unavailable and memories fade considerably over time. Considering the interest of the Court in managing its docket with Plaintiff's right to be heard, it is apparent that the Plaintiff has forfeited his right to be heard based on his utter failure to respond to his former counsel or comply with the Court's order. Less drastic sanctions are not warranted here because of the age of this case and because it is highly improbable that Plaintiff intends to pursue his claim given that he is pro se and no longer resides in the United States and has failed to respond to his former counsel and this Court's order. *See, e.g., Ruiz v. Citibank, N.A*, 2014 WL 4635575, at *1-3 (S.D.N.Y. Aug. 19, 2014); *Morangelli v. Chemed Corp.*, 2011 WL 7475, at *1-2 (E.D.N.Y. 2011); *Martinez v. E&C Painting, Inc.*, 2008 WL 482869, at *1 (S.D.N.Y. Feb. 21, 2008).

Accordingly, Plaintiff Antonio Guzman's claims are dismissed with prejudice.

**SO ORDERED.**

September 16, 2024
New York, New York

_Katharine H. Parker_____
Katharine H. Parker
U.S. Magistrate Judge